UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BRYAN S. REICHEL,                                       Case No. 24-cv-4154 (LMP)

    Appellant,

v.                                                                    ORDER DENYING LEAVE TO
                                                                           PROCEED IN FORMA PAUPERIS
MARYJO JENSEN-CARTER, Trustee,                          ON APPEAL

    Appellee.

---

On March 19, 2025, this Court affirmed the decision of United States Bankruptcy Judge Katherine A. Constantine, which denied Appellant Bryan S. Reichel's ("Reichel") motion to dismiss certain creditors' claims against his bankruptcy estate for lack of subject-matter jurisdiction. ECF No. 17. Reichel appealed this Court's decision to the U.S. Court of Appeals for the Eighth Circuit; that appeal remains pending. ECF No. 20. Reichel now applies for leave to proceed *in forma pauperis* ("IFP") on appeal. ECF No. 24.

Reichel states in his application that "the lower court previously approved [him] to proceed in this case – in forma pauperis (without fees), but in the interest of caution, [he] filled out the form and [is] resubmitting it again." ECF No. 24-1. If a district court has granted IFP status to a litigant in the district court proceedings, the litigant "may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). However, this Court has not granted IFP status to Reichel. Although it is not entirely clear to what Reichel is referring, it appears that he is referencing a May 2020 order by Bankruptcy Judge Constantine, which granted Reichel leave to proceed IFP on appeal to

1

the United States Bankruptcy Appellate Panel for the Eighth Circuit. *In re Reichel*, No. 11-32923, ECF No. 222 (D. Minn. Bankr. May 26, 2020). That five-year-old order related to an entirely different appeal, so it cannot supply Reichel with IFP status for purposes of *this* appeal.

Because Reichel has not yet been granted IFP status in this action, he must first seek leave to proceed IFP on appeal by "fil[ing] a motion in the district court" and "stat[ing] the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court may deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Reichel's appeal is not taken in good faith. As discussed in the Court's order affirming Bankruptcy Judge Constantine's decision, Reichel's challenges to the proofs of claim filed by 7th Rig, LLC, George Anderson, and Richard Perkins have been rejected time and time again. *See* ECF No. 17 at 4 (citing *In re Reichel*, No. 11-32923, ECF Nos. 189, 201, 212, 226, 248–52, 262, 264, 266–68, 282, 286–88, 297–300, 312, 316, 332, 336–38, 341, 346, 356 (D. Minn. Bankr.)). Given the repeated rejection of Reichel's argument (whether phrased in jurisdictional terms or not), the Court concludes that Reichel's latest effort "lacks an arguable basis either in law or in fact" and his appeal is therefore frivolous. *Neitzke*, 490 U.S. at 325.

## **ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Reichel's Application to Proceed *In Forma Pauperis* on Appeal (ECF No. 24) is **DENIED**.

Dated: June 23, 2025                                     *s/Laura M. Provinzino*
                                                        Laura M. Provinzino
                                                        United States District Judge